IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAIZAN AHMED, JAMAAL ALJAIDI, SYED HUSSANI, and ZUBAIR MOHAMMAD, on behalf of themselves and a class and collective of similarly situated others,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICLOUD SOLUTIONS, INC.,<br><br>Defendant. | Case No. 23-cv-15569 |

## COMPLAINT FOR UNPAID WAGES AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §201 *ET SEQ.* AND OTHER LAWS

Plaintiffs, Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, and Zubair Mohammad, on behalf of themselves and a class of similarly situated others, by and through their attorney, Aaron B. Maduff, of Barrett & Farahany, complains against the AmeriCloud Solutions, Inc., as follows:

### Introduction

1.      Plaintiffs are "drive testers." Their job is to test cellular telephone towers. Defendant brings them to an area (often far from home), provides hotel rooms, and provides them with a vehicle and a host of computer equipment with which they drive around a particular area checking cell tower signals. Each day, the first shift drive tester spends half an hour each morning before the 4:00 am shift bringing the equipment from the hotel to the vehicle and prepares it for the day. At 4:00 am, the first shift test driver begins his shift and drives across a particular area

testing cell towers.  The shift is scheduled for eight hours, but usually runs nine to 10 hours.  When the first shift test driver returns to the hotel, he gives the vehicle and systems to the second shift test driver who then goes back to the testing area and continues for another nine to 10 hours.  The second shift test driver then returns to the hotel and spends half an hour after his shift unplugging and removing the equipment from the vehicle and storing it for security in the hotel where the first shift test driver then gets it the following morning to begin the process again.  Drive testers worked Monday through Saturday.

2.  Plaintiffs were also required to go to Defendant's place of business or a rental company to get the company car at the beginning of a project and drive it cross country to the area where the work would be done.  For drive testers based in Chicago, this could be in such distant places as *inter alia* Oklahoma or Kansas which required a full day of driving.  For drive testers based elsewhere it could be further.

3.  The work is and was done on Defendant's equipment in Defendant's vehicles, on Defendant's schedule.  Plaintiffs are employees under the economic realities test.  But Defendant has misclassified these employees as independent contractors.

4.  Defendant only pays Plaintiffs a straight hourly rate (i.e., no overtime premiums) for all hours paid (including those over 40 in a pay period) and did not always pay for all time worked.

## **Parties**

5.  Plaintiff, Faizan Ahmed, (hereinafter "Faizan") is a resident of the United States of America and of the State of Illinois working for an employer based in the State of Illinois.  Faizan was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e),

Illinois Minimum Wage Law, 820 ILCS 105/3(d), and the Chicago Minimum Wage Law Chapter 6-105-010.

6.      Plaintiff, Jamaal Aljaidi, (hereinafter "Jamaal") is a citizen and resident of the United States of America and of the State of Illinois working for an employer based in the State of Illinois. Jamaal was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), and the Chicago Minimum Wage Law Chapter 6-105-010.

7.      Plaintiff, Syed Hussani, (hereinafter "Sayed") is a citizen and resident of the United States of America and of the State of Illinois working for an employer based in the State of Illinois. Jamaal was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), and the Chicago Minimum Wage Law Chapter 6-105-010.

8.      Plaintiff, Zubair Mohammad, (hereinafter "Zubair") is a citizen and resident of the United States of America and of the State of Illinois working for an employer based in the State of Illinois. Jamaal was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), and the Chicago Minimum Wage Law Chapter 6-105-010.

9.      Defendant, AmeriCloud Solutions, Inc. (hereinafter "Defendant", "the Company", or "AmeriCloud") is a corporation licensed and doing business in the State of Illinois.

## Jurisdiction

10.      This court has original jurisdiction of this civil action pursuant to 28 U.S.C.§ 1331 in that the claims of this Complaint arise under the United States Fair Labor Standards Act, 42

U.S.C. §201, *et seq.* This court has supplemental jurisdiction over the State claims alleged herein in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C.§ 1367.

## Venue

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this District and a significant portion of the acts giving rise to this complaint occurred in this District.

## Facts

### AmeriCloud's Business

12.     AmeriCloud provides a number of services in the cellular telephone world including site acquisition, design, installation, integration, testing, troubleshooting, and optimization of 3G, 4G, and Wi-Fi Networks.

13.     As part of its Optimization and Testing Services, the Company, uses state-of-the art test and optimization tools to enable its clients to achieve the most from their wireless spectrum.

14.     In particular, Defendant's RF engineers perform drive testing using AmeriCloud owned test-kits such as TEMS pocket, JDSU Lite, NEMO, TEMS, RANA Advisor and XCAL.

15.     Defendant uses WindCatcher/Actix/mapinfo in-house to post-process the data an analyze the post-processed data for DL/UL throughput or drop call stats to determine the cause of failures.

16.     The aforementioned equipment is owned by AmeriCloud and not its employees.

Plaintiffs and Their Job

17.     Plaintiffs are members of the "RF engineering team" who perform "drive testing."

18.     Plaintiffs job is to drive specialized vehicles (which had panoramic roofs) owned or rented by AmeriCloud which contain the aforementioned state-of-the-art equipment through various cellular tower cells to test the towers.

19.     Often Plaintiffs (and other drive testers) will be taken outside of their home areas to perform the testing.

20.     This requires travel from them for which they were not always paid.

21.     They are then housed at a hotel at or near the testing area.

22.     Plaintiffs and other drive testers are typically broken into two scheduled shifts of eight-hours.

       a)  The first shift is scheduled from 4:00am to 12:00 pm

       b)  The second shift is scheduled from 12:00pm to 8:00pm

23.     However, Plaintiffs often worked longer than those scheduled shift hours.

24.     Defendant would repeatedly call Plaintiffs as early as 2:00 am to force them to get started in work and to discuss issues related to equipment.

25.     Before the start of the morning shift, the test driver is required to gather the equipment from where it is stored in the hotel, bring it to the vehicle, connect the computers and generally prepare them for the day.

26.     This work takes roughly half an hour.

27.     The first shift drive tester then spends the next eight to 10 hours driving the vehicle through various cells testing the towers using the equipment.

28. The first shift driver then returns to the hotel and gives the vehicle and equipment to the second shift driver.

29. Because of the longer than scheduled shift, the second shift driver rarely begins his shift as scheduled.

30. The second shift driver then spends eight to 10 hours driving the vehicle through various cells testing the towers using the equipment.

31. The second shift driver then returns to the hotel at the end of the shift and proceeds to spend half an hour disconnecting the equipment and taking it into the hotel to be locked in a secure location until the first shift driver begins the process again the next morning.

Plaintiff's Pay

32. Drive testers are paid straight time for all hours paid. They are not paid any overtime premiums for hours worked in excess of 40 in a week.

33. Plaintiffs are not always paid for all hours worked.

34. Coordinators would sometimes tell drive testers that there were things like travel that the company would not pay for or otherwise directed drive testers not to put on their timesheet like waiting for rental cars at the airport.

35. Plaintiffs were told that they are independent contractors and paid that way.

36. No taxes are withheld from their pay.

Collective Allegations

37. Plaintiffs bring this action on behalf of themselves and a collective defined as "all drive testers working for Defendant since November 1, 2020."

38.     The claims of all putative members of the collective are similar and reflected in the allegations provided in paragraphs 1-4 and 12-36 herein.

Class Allegations

39.     Plaintiffs bring this action on behalf of the following class: "A class consisting of "all drive testers working for Defendant since November 1, 2020 who worked in Illinois," and a subclass consisting of "all drive testers working for Defendant since November1, 2020 who worked in the City of Chicago."

40.     On information and belief, the proposed class exceeds 50 drive testers.

41.     There are questions of law or fact common to the class, which common questions predominate over questions affecting only individual members.  In particular this includes *inter alia*:

      a)   Whether the drive testers were misclassified as independent contractors when in fact, under the economic realities test they were employees;

      b)   The procedures for doing the work;

      c)   The procedures for travel; and

      d)   The procedures for paying the drive testers.

42.     The individual Plaintiffs herein who seeks to represent the classes will fairly and adequately protect the interests of the classes.  They are knowledgeable about the problem and are capable of providing facts and testimony on behalf of the class.

43.     The undersigned counsel has class action experience and will provide the necessary expertise to represent the class.

44.     Moreover, prosecuting separate actions could result in varying adjudications with respect to individual class members could create inconsistent results.

45.     Defendant continues to operate in violation of the law and order of Court is required to create consistency as to how all retired and retiring members are treated.

46.     The common questions of law and fact so predominate over any potential questions affecting individual members that a class action is the superior method of adjudicate this controversy over all others.

## COUNT I

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE THE UNITED STATES FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. §201 *ET SEQ.*

47.     Plaintiffs for themselves and for a collective of similarly situated others restates and realleges paragraphs 1 through 36 as paragraph 47 of this Count I.

48.     By virtue of the foregoing, Plaintiffs have been misclassified as independent contractors.

49.     By virtue of the foregoing, Plaintiffs have not been paid their half time premiums for hours worked over 40.

50.     By virtue of the foregoing, Defendants have intentionally misled Plaintiffs in misclassifying them in intentional and reckless disregard of their rights under the FLSA.

WHEREFORE, Plaintiffs Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, And Zubair Mohammad respectfully request that this Honorable Court enter an order award the following relief:

a)      Certification of a collective defined "all drive testers employed by AmeriCloud at any time since November 1, 2020," pursuant to 29 U.S.C. §216(b);

b)      Expedited notice to putative members of the collective;

c)      Judgment in their favor and in favor of the members of the collective declaring that they were misclassified in violation of the Fair Labor Standards Act;

d)      An award of all overtime premiums showed to be owed;

e)      Liquidated damages in the same amount of all overtime premiums showed to be owed;

f)      An award to Plaintiff and the class of their reasonable attorneys' fees and costs; and for such other relief as this court deems just.

## COUNT II

## DEMAND FOR RELIEF FOR VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW

51.     Plaintiffs for themselves and for a class of similarly situated others restates and realleges paragraphs 1 through 36 and 39 through 46 as paragraph 51 of this Count II.

52.     By virtue of the foregoing, Plaintiffs have been misclassified as independent contractors in violation of the Illinois Minimum Wage Law.

53.     By virtue of the foregoing, Plaintiffs have not been paid their half time premiums for hours worked over 40 in violation of the Illinois Minimum Wage Law.

54.     By virtue of the foregoing, Defendants have intentionally misled Plaintiffs in misclassifying them in intentional and reckless disregard of their rights under the Illinois Minimum Wage Law warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, and Zubair Mohammad respectfully request that this Honorable Court enter an order award the following relief:

a)   Certification of a class defined "all drive testers employed by AmeriCloud who have worked in the State of Illinois at any time since October 1, 2020;"

b)   Judgment in their favor and in favor of the members of the class declaring that they were misclassified in violation of the Illinois Minimum Wage Law;

c)   An award of all overtime premiums showed to be owed;

d)   Liquidated damages in the same amount of all overtime premiums showed to be owed;

e)   Punitive damages of 5% as provided by the statute;

f)   An award to Plaintiff and the class of their reasonable attorneys' fees and costs; and for such other relief as this court deems just.

## COUNT III

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE CHICAGO MINIMUM WAGE ORDINANCE

55.     Plaintiffs for themselves and for a class of similarly situated others restates and realleges paragraphs 1 through 36 and 39 through 46 as paragraph 55 of this Count III.

56.     By virtue of the foregoing, Plaintiffs have been misclassified as independent contractors in violation of the Chicago Minimum Wage Ordinance.

57.     By virtue of the foregoing, Plaintiffs have not been paid their half time premiums for hours worked over 40 in violation of the Chicago Minimum Wage Ordinance.

58.     An award of Treble damages as provided by the Chicago Minimum Wage Ordinance.

WHEREFORE, Plaintiffs Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, and Zubair Mohammad respectfully request that this Honorable Court enter an order award the following relief:

a)  Certification of a class defined "all drive testers employed by AmeriCloud who have worked in the City of Chicago at any time since November 1, 2020."

b)  Judgment in their favor and in favor of the members of the class declaring that they were misclassified in violation of the Chicago Minimum Wage Ordinance;

c)  An award of all overtime premiums showed to be owed;

d)  Treble damages of all overtime premiums showed to be owed;

e)  An award to Plaintiff and the class of their reasonable attorneys' fees and costs;

and for such other relief as this court deems just.

Respectfully submitted,

Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, And Zubair Mohammad on behalf of themselves and others similarly situated

By: s/ *Aaron B. Maduff*

His Attorney

Aaron B. Maduff
Atty. No. 6226932
Barrett & Farahany
77 W Wacker Dr.
Suite 4500
Chicago, IL 60601
(312) 800-8581
Aaron@justiceatwork.com